UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

04 11580 PBS

------------------------------------------------------x
ELAINE CHAO,
    Secretary of the United States
    Department of Labor,

        Plaintiff,             Civ. No. ____

    v.

DAVID SANTOS,

        Defendant.
------------------------------------------------------x

## CONSENT JUDGMENT AND ORDER

    Defendant Santos and Plaintiff Elaine Chao, Secretary of Labor, United States Department of Labor (the "Secretary"), have agreed to resolve all matters in controversy in this action (except for the imposition by Plaintiff of any penalty pursuant to Section 502(l) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1132(l), and any proceedings related thereto), and said parties do now consent to entry of a Judgment and Order by this Court in accordance herewith.

    Defendant has waived the requirements of Federal Rule of Civil Procedure 4 as to service of summons upon him and has acknowledged receipt of Plaintiff's Complaint. By consenting to this Order, Defendant has admitted to the jurisdiction of this Court over him and over the subject matter of this action.

    The parties understand that nothing in this Consent Judgment and Order is binding on any governmental agency other than the United States Department of Labor.

    Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Consent Judgment and Order.

WHEREAS, Defendant and Plaintiff having agreed to the terms of this Consent Judgment and Order, subject to its approval by the Court and with due consideration and being fully advised of the premises,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Defendant Santos is hereby permanently enjoined from the date of entry of this Judgment from engaging in any action in violation of the provisions of §§ 403, 404 and 406 of ERISA, 29 U.S.C. §§ 1103, 1104 and 1106.

2. Defendant Santos is hereby permanently enjoined from acting in a fiduciary capacity within the meaning of ERISA §3(21), 29 U.S.C. §1002(21), including but not limited to refraining from serving as a Trustee or Administrator with respect to any ERISA-covered employee benefit plan in the future.

3. Defendant Santos, in his capacity as a named trustee to the J.D. Graphics, Inc. 401(k) Plan (the "Plan"), failed to ensure that $11,287.48, which was withheld from the paychecks of employees of J.D. Graphics, Inc. DBA Jonathan David Printing from on or about June 2002 through October 2002, was forwarded to the Plan.

4. The employee contributions became assets of the Plan by operation of 29 C.F.R. § 2510.3-102(b)(1). All assets of the Plan, including employee contributions, were required to be held in trust pursuant to 29 U.S.C. § 1103.

5. Defendant Santos violated 29 U.S.C. §§ 1103, 1104 and 1106 by failing to forward the $11,287.48 in employee contributions to the Plan.

6. Defendant Santos shall pay, or cause to be paid restitution, in the amount of $11,287.48, as well as accrued post-judgment interest at the statutory post-judgment rate (the "Interest," collectively with the principal, the "Restitution"), to the Plan. The Restitution shall be distributed to Plan Participants whose employee contributions were not forwarded to the Plan, excluding David Santos (the "Participants"), and shall be paid in the manner set forth in Appendix A annexed hereto.

7.  Defendant Santos' breach of his fiduciary duties under ERISA to the Plan constitutes defalcation by Santos while acting in a fiduciary capacity with respect to the Plan, within the meaning of 11 U.S.C. § 523(a)(4).

8.  In the event Defendant Santos files bankruptcy in the future, the Restitution set forth in paragraph six (6) above, which resulted from his breach of fiduciary duty, is, and shall be treated as, a nondischargeable debt under § 523(a)(4) of the Bankruptcy Code, 11 U.S.C. § 523(a)(4).

9.  Upon execution of the Consent Judgment and Order, and pursuant to ERISA § 206(d)(4), 29 U.S.C. § 1056(d)(4), Wystar (the Third Party Administrator to the Plan) shall be authorized to distribute all amounts which are in Santos' Plan account, on a *pro rata* basis, to the Participants.

10. Defendant Santos acknowledges that the Secretary's agreement to the payment schedule set forth in Appendix A to this Consent Judgment and Order is expressly predicated and contingent on the veracity and completeness of the financial information submitted by Defendant Santos to the Employee Benefits Security Administration ("EBSA"). In the event of any material misstatement or omission in any such documents, the Secretary shall have the right to seek immediate payment of the full amount of the Restitution, as well as the right to seek any other sanctions which are appropriate.

11. No later than 90 days after the entry of this Consent Judgment and Order, Defendant Santos shall cause the Plan to be terminated. As part of the termination process, Defendant Santos (or his agent) shall use his best efforts to locate all participants with account balances remaining in the Plan and all participants owed employee contributions by Defendant Santos. After employing his best efforts, should Defendant Santos (or his agent) be unable to locate all such participants, Defendant Santos shall provide to EBSA, Attn: James Benages, United States Department of Labor, JFK Federal Building, Room 575, Boston, MA 02203, a list of such missing participants and a description of the efforts made to locate each such participant. In no event shall the requirement to use his best efforts be deemed satisfied if Defendant Santos (or his agent) has not first made use of the letter forwarding service of the Social Security Administration or of the Internal Revenue Service, as described in Revenue Procedure 94-22.

12. Each party shall bear its own fees, costs and expenses in connection with this action, and Defendant Santos waives any right he might have under the Equal Access to Justice Act.

13. The Court shall maintain jurisdiction over this matter only for the purpose of enforcing this Consent Judgment and Order.

IT IS SO ORDERED THIS 20 DAY OF JULY 2004

_____
United States District Judge

Defendant David Santos hereby moves for entry of this Judgment:

_____                Dated: 6-30-04
By: David Santos
14 Thomas Road
Lynnfield, MA 01940


Plaintiff Elaine Chao, Secretary of Labor, hereby moves for entry of this Judgment:

Howard M. Radzely
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

_____                Dated: July 6, 2004
Kelly M. Lawson
Attorney

U.S. Department of Labor
Attorneys for Plaintiff

*Post Office Address*:
Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA 02203
Tel: (617) 565-2500
Fax: (617) 565-2142

## APPENDIX A

1. The Restitution, in the amount of $11,287.48 plus the accrued post-judgment interest at the statutory post-judgment rate, shall be paid according to this Appendix. The Restitution owed to each of the Participants, excluding post-judgment interest, is set forth in Exhibit A to this Appendix.

2. The Plan is covered by a fidelity bond, Policy # SU 19887168. The parties are in the process of negotiating with Utica Mutual Insurance Company ("Utica") concerning payments to the Participants under the bond. Any payments made by Utica to the Participants under the bond shall be deducted from the total outstanding amount of the Restitution.

3. Payments made by Santos pursuant to the Consent Judgment and Order shall continue to be made, in accordance with the provisions of this Appendix, until the full amount of the Restitution, totaling $11,287.48, plus the Interest, has been paid in full to the Participants.

4. Upon execution of the Consent Judgment and Order, Wystar shall be authorized to distribute all amounts which are in Santos' Plan account, on a *pro rata* basis, to the Participants.

5. The difference, if any, between the Restitution amount and the amounts distributed to the Participants pursuant to paragraphs two (2) and four (4) of this Appendix shall be paid to the Participants in the manner detailed in paragraphs eight (8) and ten (10) of this Appendix.

6. The term "annual pretax gross income" is used solely for the purpose of this settlement and includes the total of the following:

    a) Davis Santos' adjusted gross income as defined in the Internal Revenue Code which governed the filing of Federal personal income taxes for the tax year 2000, with the exception of any deduction for carryover losses from prior years which carryover losses, if any, shall be excluded from this calculation;

    plus b) all cash and non-cash inheritances;

    plus c) all cash and non-cash gifts from one or more persons or entities which total over $1,000 in value received by Defendant Santos, of the nature that, if over $10,000, would be taxable gifts to the donor pursuant to the Internal Revenue Code as it was in effect for the tax year 2000;

    plus d) any income from sources which were required to be reported for information purposes on Internal Revenue Service Form 1040, Item 8b, consisting of tax exempt interest income.

7. Defendant Santos shall submit to the Regional Director, EBSA, Attn: James Benages, United States Department of Labor, JFK Federal Building, Room 575, Boston, MA 02203, adequate documentation of his annual pretax gross income as defined above to confirm the proper amount of payments due, including, but not limited to, annual income tax returns and annual confidential Declarations of Financial Status. EBSA shall accept copies of Santos' joint tax return with his wife, provided, however, that a notarized financial statement detailing Santos' personal income from all sources accompanies the joint return. This documentation shall be submitted not later than April 15 of each year covered by this Agreement. Defendant Santos shall also cooperate in answering any questions regarding the financial information that he submits to the Department of Labor.

8. Defendant Santos shall make annual payments based on his respective annual pretax gross income, according to the schedule detailed below, for the *pro rata* benefit of the Participants.

| Annual Pretax Gross Income | Annual Payment |
|---|---|
| under $40,000 | $0.00 |
| between $40,001-$50,000 | $ 10% of the amount earned between $40,001 and $50,000 |
| above $50,001 | $1,000 PLUS 20% of the amount earned above $50,001 |

9. The first annual income period will end on December 31, 2004. All annual income periods shall be based on the calendar year.

10. Defendant Santos shall begin making the annual payments pursuant to the schedule detailed in paragraph eight (8) on May 15, 2005. The annual payments shall continue until the Restitution is paid in full. Within sixty (60) days after making each annual payment, Santos shall provide written evidence to EBSA, Attn: James Benages, United States Department of Labor, JFK Federal Building, Room 575, Boston, MA 02203, showing that he has made the required payments to the Participants.

11. The total amounts paid pursuant to paragraphs two (2), four (4), eight (8) and ten (10) shall be credited towards the total Restitution set forth in the Consent Judgment and Order.

12. Upon any default by Defendant Santos, the Department of Labor shall have the right to accelerate full payment of all amounts due under the Consent Judgment and Order.

14. Defendant Santos shall have neither rights nor claims to any monies deposited from any source in the Plan.

## APPENDIX A

| | |
|---|---|
| John W. Ash | $1,269.45 |
| Derek Blaike | $789.68 |
| Reginald Eld | $165.75 |
| John E. Grace | $100.17 |
| G. Judson Graham, Jr. | $360.00 |
| Michael J. Lucontoni | $1,516.66 |
| Sylvia E. Maiellaro | $5,494.39 |
| John C. Monahan | $1,450.80 |
| James F. Vacca | <u>$140.58</u> |
| TOTAL PRINCIPAL OWED*: | $11,287.48 |

*Excludes post-judgment interest, which also must be paid to Participants in order to fulfill the terms of the Consent Judgment and Order